In the Matter of SAMUEL FLATOW, an Attorney, Respondent.

First Department, February 14, 1930.

*Isidor J. Kresel* of counsel [*Edward S. Greenbaum* with him on the brief], for the petitioners.

*William E. Riseley*, for the respondent.

DOWLING, P. J.   The respondent was admitted to practice as an attorney and counselor at law in the State of New York on July 9, 1920, at a term of the Appellate Division of the Supreme Court of the State of New York, Second Department.

The petition herein sets forth six charges of misconduct as an attorney at law.   The first three relate to the solicitation of retainers in personal injury cases, and the last three pertain to specific instances in which it is alleged that respondent failed to pay over to his clients moneys due them and received by him in settlement of personal injury cases.   Respondent's answer to these charges is in form a general denial.   The matter was referred to a referee to take testimony in regard to the charges set forth in the petition and to report the same with his opinion thereon.   The referee has duly reported and the petitioners move for such action in the matter as this court may deem just and proper.

The record discloses that, following his admission to the bar, respondent first opened an office at 375 Fulton street, Brooklyn,

which he maintained for a few months. He then, in 1921, opened an office in Manhattan. Since 1921 his principal office has been there, being presently located at 38 Park row, where he shares offices with two other attorneys. In 1922 respondent opened an office at 264 Columbia street, Brooklyn, because he knew many merchants in that neighborhood who were members of his lodge and who recommended cases to him. Almost immediately after he opened this office, and being alone for one or two weeks, he realized he could not get along very well with these clients because he could not speak Italian. He then employed Frank Messina, who was not a lawyer, to run this office for him. This Brooklyn office was maintained until the early part of 1927. Meanwhile respondent spent most of his time at his Manhattan office, giving one night a week to the Brooklyn office. He testified that at first he gave more time, more evenings, and toward the end.he doubted whether he was there once in two or three weeks. No records nor books were kept in the Brooklyn office and all files were in the New York office. It clearly appears that Messina was left to conduct the Brooklyn office as he saw fit, and it is because of Messina's conduct that these charges developed.

The referee has found that charges (a) and (c), having to do with solicitation, and (e), one of the alleged instances of· retention of clients' money, are not sustained by the evidence. The petitioners concur in these findings. There is no need to reiterate the particulars here.

Under (b) it is charged that respondent employed persons, not members of the bar, who solicited and procured retainers for him in personal injury cases, and respondent paid such persons for services rendered. The referee found that this charge is not sustained, although Messina, who was paid a fixed salary for legitimate services, was not properly supervised by the respondent and was in a position to solicit retainers, and the respondent had no means of knowing that retainers brought to him by Messina had not been solicited, except what Messina told him.

There is testimony by Frances Zizzo to the effect that in February, 1926, she fell down stairs and hurt herself. The next day Frank Messina, whom she had never seen before and for whom she had not sent, called, and, as Mrs. Zizzo testified: " He came to me and said, ' You hurt yourself and you want to give me over the case? ' I said I don't know anything. Then I says, ' I don't know you and I don't want anything.' Then he sent a doctor. The following day the doctor came." Respondent was retained in this matter through Messina's efforts.

The Zizzo case is the basis of charge (d). Respondent was

retained by Francesca Zizzo and her husband, Guiseppe Zizzo, to recover damages for personal injuries for the above-mentioned accident. Respondent negotiated a settlement of both claims. On or about August 4, 1926, respondent received from the Standard Accident Insurance Company a check for $225. It is charged that no part of this was paid to either Francesca Zizzo or Guiseppe Zizzo. On this charge, Mrs. Francesca Zizzo testified that she never got any money out of this case. Respondent himself testified that following the receipt of the retainer, he wrote defendant, had a summons served, served a complaint, received an answer and arranged for a physical examination, and then negotiated a settlement for $225. He gave the releases to Messina who brought them back seemingly executed before a notary public. Respondent gave Messina the insurance company check for $225, with instructions that he give the Zizzos half of it. Messina brought back $112.50. Respondent did not get a receipt. Asked what method he had of making sure that the clients received the money, respondent testified he never heard from them; that he had no method of ascertaining except that he trusted Messina implicitly. Respondent testified Messina told him he had given one-half of the proceeds of the insurance company check to Mrs. Zizzo; that prior to the proceeding before Mr. Justice WASSERVOGEL he never had any information that she had not received her half. It appears that the releases were not executed by Mr. and Mrs. Zizzo. Respondent never received any complaint from Mr. or Mrs. Zizzo and did not know that their share of the settlement had not been paid to them until the hearing before Mr. Justice WASSERVOGEL. He then wrote Mr. Justice WASSERVOGEL offering to pay the Zizzos, or any other clients, any moneys found to be due them. At the last hearing before the referee herein respondent presented a certified check payable to Mr. and Mrs. Zizzo for the sum of $112.50. The supplemental report of the referee shows that this check has been sent by registered mail to the Zizzos.

Charge (f) is to the effect that respondent was retained by Assunta Viggiano and her husband, Vincenzo Viggiano, to recover damages for personal injuries sustained by the former in November, 1925; that thereafter he commenced an action on their behalf which was settled for $350, out of which Mr. and Mrs. Viggiano were entitled to $175 under the retainer agreement, but that respondent paid them only the sum of $100 as their share. The testimony in this matter is along the same lines as in the Zizzo case. Respondent gave the insurance company check for $350 to Messina, with instructions to get it cashed and give the clients half; the same thing happened as in the Zizzo case, Messina paid half of the proceeds

of the check to respondent and told him that he gave the other half to the clients. Mrs. Viggiano testified they received only $100. Respondent did not know that the Viggianos had not been paid in full until the investigation before Mr. Justice WASSERVOGEL. At the last hearing before the referee, respondent presented a certified check for $75 payable to the order of the Viggianos, and the supplemental report of the referee shows that this has been sent to them by registered mail.

The referee states in his report: " The respondent's attitude throughout the proceedings was frank and open. He made no technical objections or difficulties,. and stipulated into the record the testimony of witnesses who appeared before Mr. Justice WASSERVOGEL. I believe that he was honestly surprised by the revelations concerning Messina; and he frankly admitted that some of the methods employed by him in dealing with his clients, through Messina, did not insure adequate protection to his clients' interests; and I believe that his methods of practice have been entirely reformed, in that respect, and that his experience has taught him a lesson and has also caused him great distress. The respondent's records and files havé been quite complete; and he has produced promptly all documents called for."

Respondent discontinued his Brooklyn office prior to the investigation. He no longer has Messina in his employ. No criticism has been directed at his practice conducted from his Manhattan office. His character witnesses offered testimony " unusually convincing as to good character of respondent and the trust and confidence placed in him by his friends and clients."

The report of the learned referee will be confirmed, but respondent is censured for his carelessness in not properly supervising the operations of his employee Messina and in not requiring Messina to deliver to him receipts for the moneys which he gave to Messina to be paid to respondent's clients at his Brooklyn office.

FINCH, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Respondent censured.